683 F.2d 80
 18 ERC 1742, 12 Envtl. L. Rep. 21,044
 PROVIDENCE ROAD COMMUNITY ASSOCIATION, Cleve Davis, David
Francis, J. Q. Wray, Jr., Stewart E. Odham, Nancy C. Odham,
Tom Robertson, Anna A. Robertson, David King, Sophie W.
Goans, S. R. Goans, Betty L. Francis, Henry R. Hunnicutt,
Robert F. Hunnicutt, Lucille G. Hunnicutt, H. F. Griffen,
Effie Griffen, Loyd Bradshaw, Edna Lucille Mullis, Jacob W.
Mullis, David Stegall, Carol B. Daggs, John L. Dabbs, III, Appellants,
v.
ENVIRONMENTAL PROTECTION AGENCY (EPA), Douglas Castle,
Administrator of EPA, Union County, Joe Hudson
(Union County Commissioners), V. T.
Helms, H. R. Johnson, Roger
Tice, Harry C.
Myers, Appellees.
 No. 81-1621.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 4, 1982.
Decided July 1, 1982.
 
 B. Garrison Ballenger, Jr., Charlotte, N. C. (John N. Hunter, Hovis & Hunter, Charlotte, N. C., on brief), for appellants.
 Laura Frossard, Dept. of Justice, Washington, D. C. (Howard Corcoran, U. S. E. P. A., William L. Andreen, U. S. E. P. A., Region IV, Carol E. Dinkins, Asst. Atty. Gen., Washington, D. C., Harold M. Edwards, U. S. Atty., Asheville, N. C., Wayne C. Alexander, Asst. U. S. Atty., Charlotte, N. C., Jacques B. Gelin, Dept. of Justice, Washington, D. C., on brief), for appellees.
 Before HALL and SPROUSE, Circuit Judges, and DOUMAR,* District Judge.
 K. K. HALL, Circuit Judge:
 
 
 1
 This suit was brought under the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. § 4321 et seq., by a group of property owners and their community association, (Providence Road) against the Environmental Protection Agency (EPA), Union County, North Carolina, and five county officials. The appellants sought to enjoin construction of a wastewater treatment project planned for their vicinity, contending that they did not receive proper notice of the plans for the project and challenging the EPA's decision not to prepare an Environmental Impact Statement (EIS). The district court denied the requested relief and we affirm.
 
 
 2
 The town of Waxhaw, North Carolina, needed a new sewage treatment plant and Union County officials decided to install an innovative land treatment system,[1] funded largely with federal money provided by the EPA. The county held several public hearings during the planning for the project. Notice of the hearings was posted on the Waxhaw town hall, advertised in the local newspapers and mailed to the town's residents with their water bills. Although the planning documents, including maps, were available for public inspection at the Union County Courthouse, the notices did not specify the location of the proposed project. Moreover, the county did not notify the appellants personally that the project was planned for their neighborhood.
 
 
 3
 According to NEPA, an EIS must be prepared for "major federal actions significantly affecting the quality of human environment." 42 U.S.C. § 4332(2)(C). Federal agencies involved in a project must determine whether an EIS is required for a proposed project. In this case, the EPA compiled an environmental impact assessment and concluded that an EIS was not necessary.
 
 
 4
 The EPA published its preliminary decision not to prepare an EIS and gave thirty days for public comment. The appellants by this time had become aware of the proposed location for the project and responded in force.[2] They worried that the project would stink, pollute their creeks and water wells, spread disease, and depreciate their property values. They also claimed that the aerial maps and population figures used for the study were at least ten years out of date and that the site of the project, which had at one time been unused rural acreage, was now prime residential development property adjacent to a rapidly growing community.
 
 
 5
 The EPA assured the community that their fears were unfounded and that all of their concerns had been fully considered before the project was proposed. According to the EPA, the studies had not been confined to old maps, but rather, the engineers had taken tests and surveys of the actual site and the surrounding area. The EPA also pointed out that there are numerous such treatment plants around the country which provide design information to prevent problems with future plants. After reviewing its own findings and the comments of the public, the agency concluded that an EIS would provide no information which had not already surfaced during the planning process, and decided to proceed with the project without preparing an EIS.
 
 
 6
 Providence Road contends that an EIS is indeed required for this project. Generally, however, the decision not to prepare an EIS is left to the "informed discretion" of the agency. Kleppe v. Sierra Club, 427 U.S. 390, 96 S.Ct. 2718, 49 L.Ed.2d 576 (1976). "Absent a showing of arbitrary action, we must assume that the agencies have exercised this discretion appropriately." Id. at 413, 96 S.Ct. at 2731; see Rucker v. Willis, 484 F.2d 158, 162 (4th Cir. 1973).
 
 
 7
 In this case, the appellants have not demonstrated that the agency acted arbitrarily in reaching its decision. This project had been on the drawing boards for almost a year before the EPA decided that an EIS was unnecessary. The agency was careful to address each of the concerns raised during the comment period, and pointed out that none of those issues had escaped attention during the design phase. Accordingly, we must defer to the agency's conclusion that preparation of an EIS would be a bureaucratic exercise, yielding only another compilation of the information already on hand.[3]
 
 
 8
 The appellants also complain that they received no notice of public hearings on the project. We are concerned with the defendants' method of giving notice, which at times appears to have been less than forthright. Nonetheless, the notice given in this case did comply with the letter of federal requirements,[4] even if it fell short of being as directed or as explicit as might be desired.
 
 
 9
 Moreover, even if the defendants had not complied with the notice requirements, the appellants would not prevail in this case. The notice provision is designed to solicit the views of people interested in or affected by the project.[5] Even though the appellants in this case were unable to participate until the eleventh hour, their comments were received and considered by the EPA before the agency reached its final decision not to prepare an EIS. See Sierra Club v. Alexander, 484 F.Supp. 455, 470-71 (N.D.N.Y.1980), aff'd, 633 F.2d 206 (2d Cir. 1980).
 
 
 10
 The appellants nonetheless contend that they should now have an opportunity to offer more detailed suggestions than they were able to present during the comment period. Yet, as noted earlier, there is no demonstration that the EPA did not study this project very carefully. As we have said in a related context, there must be an end to the process somewhere. Otherwise, so long as there are "unexplored and undiscussed alternatives that inventive minds can suggest," there would never be a federal project. Fayetteville Area Chamber of Commerce v. Volpe, 515 F.2d 1021 (4th Cir. 1975).
 
 
 11
 Accordingly, the decision of the district court is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Robert G. Doumar, United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 The system involves pumping sewage into an oxidation pond in a rural area, where the pathogens and organic substances are broken down and the wastewater is disinfected. The wastewater is then sprayed on the surrounding vegetation. The plants, trees and soil filter out impurities before the water returns to the water table
 
 
 [2]
 It was only by chance that the residents were made aware of the project's location during the comment period; a member of the Providence Road community was horseback riding on the site, observed someone taking soil samples and inquired
 
 
 [3]
 There is circuit authority that an agency's decision not to prepare an EIS should be scrutinized for reasonableness. Winnebago Tribe of Nebraska v. Ray, 621 F.2d 269 (8th Cir. 1980); Save Our Ten Acres v. Kreger, 472 F.2d 463, 466 (5th Cir. 1973). However, the appellants in this case would find no comfort from a more searching standard of review. In order to invoke that standard, the plaintiff must "raise a substantial environmental issue concerning the proposed project." 621 F.2d at 271; 472 F.2d at 467, and to do so, the appellants are required to allege facts which were not considered in the administrative record and which, if true, would constitute a "substantial impact upon the environment." 621 F.2d at 271. As noted in the text, the appellants have not alleged any facts which were not fully addressed in the administrative record
 
 
 [4]
 According to 40 C.F.R. § 25.4(b)(5),
 Each agency shall develop and maintain a list of persons and organizations who have expressed an interest in or may, by the nature of their purposes, activities or members, be affected by or have an interest in any covered activity.
 The regulations do not define "interested or affected persons;" that definition is left to the agency depending on the circumstances of each situation. In this case, the planners considered that only the people of Waxhaw, who would actually be served by the treatment plant, were "interested or affected."
 The regulations also provide that notice of public hearings be sent to all of the interested and affected persons. According to 40 C.F.R. § 25.5(b), "The notice shall identify the matters to be discussed at the hearing...." Again, the regulation is sufficiently vague that a general statement of the discussion will suffice. In this case, the stated purpose of the meeting was to discuss "a change in the method of wastewater treatment to the land application method." A literal reading of the regulation does not require more.
 
 
 [5]
 Generally the regulations on public participation contain elements for "public information, public notification and public consultation." (Emphasis supplied). These requirements "foster public awareness and open processes of government decision making." 40 C.F.R. 25.1(a)